United States District Court
Southern District of Texas
**ENTERED**
February 17, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARSHA and WALTER HANCHETT, § § Plaintiffs, § § v. § PLS LOAN STORE OF TEXAS, INC., *et al.*, § § Defendants. § | CIVIL ACTION NO. H-16-2482 |

### ORDER OF DISMISSAL

The plaintiffs, Marsha and Walter Hanchett, sued PLS Loan Store in state court, alleging that PLS improperly reported them to the Houston Police Department for attempting to cash forged money orders. PLS removed the action to this court in August 2016 on the basis of diversity jurisdiction. (Docket Entry No. 1). The Hanchetts amended their complaint within the period permitted by Rule 15, but the amended complaint joins a nondiverse party, Met Tran Federal Credit Union, without leave of the court. (Docket Entry No. 11). PLS and Met Tran have moved to dismiss the claims against Met Tran. (Docket Entry Nos. 15, 16). The Hanchetts responded. (Docket Entry No. 17). Based on the pleadings, the record, and the motions and response, the court grants the motions to dismiss the claim against Met Tran.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id*. "In determining whether to allow joinder of a party under section 1447(e), a district court examines the factors set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir.1987), and does not apply the 'freely given' standard of Rule 15(a)." *Gallegos v. Safeco Ins. Co. of Ind.*, Civil No. 09-2777, 2009 WL 4730570 (S.D. Tex. Dec. 7, 2009) (quotation marks and citations omitted). In *Hensgens*, the Fifth Circuit stated that in

balancing the original defendant's interest in maintaining the federal forum against the competing interest in avoiding multiple and parallel litigation, a court considers: (1) "the extent to which the purpose of the amendment is to defeat federal jurisdiction"; (2) "whether [the] plaintiff has been dilatory in asking for amendment"; (3) "whether [the] plaintiff will be significantly injured if amendment is not allowed"; and (4) "any other factors bearing on the equities." 833 F.2d at 1182. The balance does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id*.; *see also Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir.1999) (stating that joinder of nondiverse parties is "committed to the sound discretion of the district court" under § 1447(e) and "thus, this decision is not controlled by a Rule 19 analysis").

      The Hanchetts do not dispute that the joinder of Met Tran would destroy diversity and this court's subject-matter jurisdiction, nor do they dispute that the *Hensgens* factors favor dismissal. They argue that they "have not moved for remand nor have sought leave to do so in the future." (Docket Entry No. 17 at 1). If their claim against PLS fails because the factfinder finds that the money orders were fraudulent, the Hanchetts intend to bring an action against Met Tran for issuing the fraudulent money orders to them. (*Id*. at 2). This alternative cause of action is not a sufficient basis for joinder and remand. The Hanchetts knew that they received the money orders from Met Tran when the filed their state court action and could have joined Met Tran then. They will not be significantly injured if they must pursue their alternative claim against Met Tran in a separate proceeding in state court. The *Hensgens* factors do not favor joinder and remand. The motions to dismiss the claims against Met Tran are granted.

      SIGNED on February 17, 2017, at Houston, Texas.

                                        Lee H. Rosenthal
                                      Chief  United States District Judge